No. 73,930

In the Matter of MARTIN D. GEEDING, *Respondent.*

(907 P.2d 124)

Opinion filed December 8, 1995.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause and was on the brief for the petitioner, and *Bruce E. Miller*, disciplinary administrator, and *Stanton A. Hazlett*, deputy disciplinary administrator, were with her on the formal complaint for the petitioner.

*D. Lee McMaster*, of Wichita, argued the cause and was on the brief for the respondent, and *Martin D. Geeding*, respondent, was on the brief pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Martin D. Geeding, of Wichita, an attorney admitted to the practice of law in Kansas.

The amended formal complaint filed against respondent consisted of three counts and alleged violations of MRPC 1.1 (1994 Kan. Ct. R. Annot. 292), MRPC 1.2 (1994 Kan. Ct. R. Annot. 295), MRPC 1.3 (1994 Kan. Ct. R. Annot. 297), MRPC 1.4 (1994 Kan. Ct. R. Annot. 302), MRPC 1.5 (1994 Kan. Ct. R. Annot. 306), MRPC 3.2 (1994 Kan. Ct. R. Annot. 347), MRPC 8.4 (1994 Kan. Ct. R. Annot. 379), and Supreme Court Rule 207 (1994 Kan. Ct. R. Annot. 199). Respondent filed an answer admitting and denying allegations contained in the formal complaint and denying that he violated the Model Rules of Professional Conduct.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on August 17, 1994. Deputy Disciplinary Administrator Marty M. Snyder appeared in person, and respondent appeared in person and by his attorney, D. Lee McMaster. The panel made the following findings of fact:

Count I—Sumner Complaint, No. B5709

"2. In 1991, respondent was employed by Douglas Sumner to file suit against Law Office of Jerry L. Berg, P.A., and on April 15, 1991, respondent caused a petition entitled Douglas M. Sumner d/b/a Phoenix Computer Services v. Law

Office of Jerry L. Berg, P.A., Case No. 91 C 1163 to be filed in the District Court of Sedgwick County, Kansas.

"3. Trial was set for December 5, 1991, at which time the matter was voluntarily dismissed without prejudice by respondent for the reason that he was not prepared for trial and the court would not grant a continuance, all without prior notice to Mr. Sumner. Respondent had knowledge that a continuance would not be granted following a pretrial hearing two weeks earlier.

"4. The case was refiled on or about March 3, 1992, with an added claim for replevin, under Case No. 92 C 610. Trial was set for December 14, 1992, with unproductive settlement negotiations continuing.

"5. Respondent was not prepared for trial and obtained a dismissal without prejudice by means of a joint motion joined in by opposing counsel. Such dismissal was obtained without the knowledge of Mr. Sumner and contrary to his written instruction.

"6. On December 15, 1992, Mr. Sumner, pro se, filed 'Plaintiff's Objection to Journal Entry of Dismissal Without Prejudice and Plaintiff's Motion to Set Aside Journal Entry of Dismissal Without Prejudice,' which matter was set for hearing on March 26, 1993. Mr. Sumner requested that respondent attend such hearing but respondent failed to do so. The motions were denied.

"7. On approximately January 19, 1993, respondent filed the Sumner action for the third time, as Case No. 93 C 109. Trial was ultimately scheduled for September 14, 1993, at which time the defendant successfully obtained dismissal with prejudice pursuant to K.S.A. 60-241(a)(1). ('Two dismissal rule.') Respondent appealed from said order of dismissal, which appeal was pending before the Kansas Court of Appeals at time of hearing. The hearing panel notes the February 24, 1995, decision of the appellate court which reversed the district court and found that the 'two dismissal rule' was not applicable in the Sumner case.

"8. Throughout the Sumner representation the respondent failed to return a number of the client's telephone calls or to respond to a number of letters and messages from the client."

## Count II—Pomerantz Complaint, No. B5850

"1. In October 1991, respondent undertook to represent Consolidated Service Corporation in a subrogation claim involving recovery of property damage arising out of a vehicular collision. Respondent filed a petition in February 1992.

"2. In addition to numerous telephone requests, the client requested, in writing, status reports on March 31, 1992, May 4, 1992, June 15, 1992, July 22, 1992, September 17, 1992, and December 11, 1992. Respondent's only response was dated December 14, 1992, which was close in time to notice from the court that the case was subject to dismissal for lack of prosecution.

"3. A discovery conference was held in March 1993, which respondent attended by telephone. A pretrial conference was set for July 1993, which respondent attended by telephone. The telephone connection was initiated by the court after respondent failed to appear in person or by telephone at the appointed hour.

Respondent did not present a pretrial questionnaire, was not prepared for trial and requested dismissal with prejudice, which dismissal was granted.

"4. Respondent had not advised the client of his intention to dismiss with prejudice; naturally did not have the consent of the client to dismiss with prejudice; and failed to timely notify the client of the entry of dismissal with prejudice.

"5. Respondent's services were terminated by the client in November 1993. The client did not learn of the earlier dismissal with prejudice until a newly employed attorney checked the court files and consulted with opposing counsel.

"6. Respondent has not returned a retainer payment or file materials to the client."

### Count III—Stevenson Complaint, No. B5831

"1. In July 1993, respondent undertook the representation of Dana Stevenson in connection with a claim against a vinyl siding company for defective workmanship. The client advanced a $200.00 retainer to cover filing and other expense. Respondent's fee was to be one-third contingency.

"2. The evidence is conflicting as to what was promised by respondent relative to filing a petition and what assurances were given the client in such regard. In any event, a petition had not been filed by October or November of 1993, and the respondent's services were terminated by Ms. Stevenson and her $200.00 retainer was returned.

"3. While Ms. Stevenson claims that respondent failed to return her telephone calls, there is evidence that the parties were in frequent communication. While Ms. Stevenson states that she was repeatedly assured that a petition was, or soon would be, filed and was actually informed of a January 1994 court date, the respondent denies such assurances on the ground that suitable expert witnesses had not been located which was a prerequisite for commencing litigation.

"4. Ms. Stevenson filed a complaint with the Disciplinary Administrator and the matter was referred to the Wichita Bar Association for investigation. Respondent failed to respond to correspondence from the Disciplinary Administrator and Wichita Bar Association representatives in regard to the complaint."

In Counts I and II, the panel concluded by clear and convincing evidence that respondent had violated MRPC 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), and 3.2 (expediting litigation). In Count III, the panel concluded by clear and convincing evidence that respondent had violated Supreme Court Rule 207.

The panel considered the following mitigating circumstances:

"1. Absence of dishonest or selfish motive.

"2. Physical problems.

"3. Letters of support."

The panel also considered the following aggravating factors:

"1. Prior disciplinary offenses—In his approximately seven years of practice, respondent has been the subject of ten complaints, four of which have been dismissed. Most recently, respondent was informally admonished for a Rule 1.4 (Communication) violation in May 1994.

"2. Pattern of misconduct—Respondent has exhibited a pattern of neglect and even a lack of competence, all with an overriding failure to communicate with clients.

"3. Multiple offenses—

"4. Bad faith obstruction of the disciplinary process—Respondent has not co-operated in the disciplinary process, either being dilatory or refusing cooperation.

"5. Refusal to acknowledge wrongful nature of conduct—Except for Pomerantz (Count II) respondent does not acknowledge his wrongful conduct.

"6. Substantial experience in the practice of law—Considering that respondent confines his practice primarily to collections, his experience of some seven years is substantial.

"7. Indifference to making restitution—Respondent shows no interest in restitution."

The panel recommended that respondent be suspended from the practice of law for 1 year.

Respondent filed exceptions to the report of the hearing panel. However, in his brief and at oral argument, respondent stated that he does not take exception to the findings of fact and conclusions of the panel, and we adopt its findings of fact and conclusions as our own.

Respondent and his counsel do take exception to the panel's recommendation of discipline. The Disciplinary Administrator's office suggests that if this court departs from the panel's recommendation, we should impose a more severe discipline. A 2-year or indefinite suspension is recommended.

We find no merit in respondent's citing of disciplinary cases which he contends involve less severe discipline for more serious violations. Nor are we persuaded by respondent's putting a favorable spin on his own conduct and shifting blame to others. An example of the latter is evident in his response to his failure to cooperate in the investigation of Stevenson's complaint. He concedes that he did not "communicate in writing with the investigator." He asserts, however, that "it was suggested that the investigator go to Mr. Geeding's office and review the Stevenson file.

The investigator did not so do." Although he admits a violation of Supreme Court Rule 207, respondent hedges and avoids accepting personal responsibility. He characterizes the violation as "technical" and does not state that he violated the rule but, instead, that the rule was violated.

Based upon the conduct of respondent and the nature and number of the violations, we do not find the panel's recommended discipline to be too severe. The circumstances surrounding respondent's violations, as well as the aggravating factors identified by the panel, are egregious. The mitigating circumstances do little to alter that conclusion. After a careful review of the record, we conclude the appropriate sanction in this case is suspension from the practice of law for 1 year.

IT IS THEREFORE ORDERED that Martin D. Geeding be and he is hereby suspended from the practice of law in the State of Kansas for a period of 1 year from the effective date of this order.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1994 Kan. Ct. R. Annot. 217); at the end of the 1-year suspension, respondent will be reinstated upon furnishing proof of compliance thereof to the Clerk of the Appellate Courts.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.